UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Case No. 1:22-cr-0096-CKK-02 |
| | : | |
| **JONATHAN DARNEL,** | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT DARNEL'S REPLY TO THE GOVERNMENT'S REQUEST TO MODIFY DEFENDANTS' PRE-TRIAL CONDITIONS OF RELEASE

The Government has asked the Court to modify the Defendant's Pre-Trial Conditions of Release to add a Condition 7(g) for all defendants that any contact between the Defendants should be limited and they should be prohibited from discussing this case or similar anti-abortion activity with one another. Defendant Darnel objects to any modification of his Pre-Trial Conditions of Release on the basis that the Government has failed to state sufficient cause that would warrant the modification of Defendant Darnel's Pre-Trial Conditions of Release.

### Procedural and Factual Background

On March 30, 2022, a Federal Grand jury in the District of Columbia returned a two count indictment charging Defendant Darnel and eight additional co-defendants with a conspiracy against rights, in violation of 18 U.S.C. § 241, and a violation of the Freedom of Access to Clinic Entrances Act, in violation of 18 U.S.C. § 248. (ECF No. 1) Defendant Darnel was released, subject to various conditions pending trial. (See ECF No, 13) In addition to standard terms, Defendant Darnel, has additional terms of release including, (1) Stay away/have

no contact with any employees or patients of the Washington Surgi-Clinic in Washington, D.C. and (2) Do not enter any reproductive health services clinic except for a personal medical appointment.

On October 14, 2022, the Government sought and obtained a superseding indictment adding Defendant Geraghty to the case. (ECF No. 113) Defendant Geraghty had his initial appearance and was released subject to the condition that he not contact his co-defendants, or other individuals present at the reproductive health clinic where the crime took place.

On October 31, 2022, Defendant Geraghty filed a Motion for Review and Modification of the Pre-Trial Release Order. (ECF No. 132)

On November 4, 2022, the Government filed their Response to Defendant Geraghty's Motion to Modify the Conditions of His Release and Government's Motion to Modify the Remaining Defendant's Conditions of Release. (ECF No. 133)

## Argument in Opposition of Requested Relief

Defendant Darnel opposes the requested relief by the Government seeking to impose additional terms on his Pre-Trial Conditions of Release and joins in the argument of Defendant Geraghty.

At the Detention hearing, the Court must consider facts to determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. When determining Pre-Trial Conditions of Release it is the Government's responsibility to provide sufficient evidence to support their contention that a defendant poses a threat to the safety of the community.

> "The Government bears the burden of proving the risk of danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d

610, 616 (10th Cir. 2003)."

(*United States v. Nabaya* (E.D.Va. Apr. 7, 2017, No. 3:17cr3 (MHL)) 2017 U.S.Dist.LEXIS 216511, at *10.)

Defendant contends that the Government bears the same responsibility when seeking to modify the Pre-Trial Conditions of Release. The Government has failed to allege any violation of the initial terms or behavior on behalf of Defendant Darnel, or any other co-defendant, that would warrant greater deprivation of Defendant's liberties and constitutional rights. The Government has failed to allege any imminent behaviors that need to be restrained, much less has not met the burden that what they are requesting could not be accomplished by some less restrictive means. Finally, the Government has not alleged any new behavior that was not previously known and considered when issuing Defendant Darnel's initial Pre-Trial Conditions of Release. The addition of a new co-defendant, with the same underlying fact pattern, does not constitute good cause to modify the conditions of Defendant Darnel.

The Government requests that the co-defendants be prohibited from discussing this case or similar anti-abortion crimes is a violation of the Defendant's First Amendment Rights to Speech. Further, an order that Defendants be prohibited from discussing this case is a violation of their right to assist counsel in the preparation of their defense.

The constitutional rights of the Defendant must be considered when seeking more restrictive terms of release. In the matter, of *United States v. Martinez*, the Court discussed this very issued and found:

> *Hobbs* provides useful guidance. It cautions against setting conditions of release that result in "sweeping restrictions on important constitutional rights." *Id.* at 368 (quoting *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005)). Restrictions are

appropriate only when they are necessary to achieve a valid statutory purpose. *Id.* at 369. Where a more narrowly-tailored condition is available, it must be used. *Id.* (*United States v. Martinez* (S.D.Iowa Sep. 13, 2021, No. 4:21-cr-00107-SMR-HCA-1) 2021 U.S.Dist.LEXIS 179162, at *4.)

Defendant Darnel asserts that the additional provisions contained in the initial Pre-Trial Conditions of Release that require him to (1) Stay away/have no contact with any employees or patients of the Washington Surgi-Clinic in Washington, D.C. and (2) Do not enter any reproductive health services clinic except for a personal medical appointment are sufficient to protect and ensure the safety of the community.

## Conclusion

The Government has failed to state sufficient cause that would warrant the modification of Defendant Darnel's Pre-Trial Conditions of Release. Accordingly, and for the foregoing reasons, Defendant Darnel requests that this Court deny the Government's request for modification of the Pre-Trial Conditions of Release.

November 21, 2022                               By /s/ Brian R. Chavez-Ochoa

Brian R. Chavez-Ochoa
Chavez-Ochoa Law Offices, Inc.
BAR ID CA00082
4 Jean Street, Suite 4
Valley Springs, California 95252
Telephone (209) 772-3013
Fax (209) 772-3090
brianr@chavezochoalaw.com