IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 22-cr-00096-CKK |
| | : | |
| v. | : | |
| | : | |
| **JONATHAN DARNEL,** | : | |
| **PAULA "PAULETTE" HARLOW** | : | |
| **JEAN MARSHALL, and** | : | |
| **JOAN BELL,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S MOTION *IN LIMINE* SEEKING ADMISSION OF CO-CONSPIRATOR STATEMENTS

The United States of America, by and through its counsel of record, respectfully files this motion *in limine* to admit into evidence a certain co-conspirator statement during the trial of Defendants Jonathan Darnel, Paula Harlow, Jean Marshall, and Joan Bell beginning September 6, 2023. Specifically, the government anticipates introducing an October 23, 2020, Facebook post authored by Defendant Lauren Handy, which states the following: "Me and Jonathan have been co-leading activism/protests for 6ish years now so to see this culmination of our work come together as a Traditional Rescue is just really cool to see[.] His single minded dedication to saving babies has always pushed me forward with my own work." Defendant Handy's reference to "Jonathan" is a reference to Defendant Darnel, as seen through the accompanying photograph under the text of the post showing Darnel being arrested by police officers. (Exhibit A). Defendant Handy's statement was posted on her Facebook account the day after the charged clinic blockade in this case.

As explained more fully below, the government submits that the Facebook post is not hearsay but rather is admissible against all the Defendants as a co-conspirator statement under Fed.

1

R. Evid. 801(d)(2)(E).  The government will therefore seek to admit the Facebook post into evidence.

**Argument**

As the government stated in its trial brief, the admissibility of evidence such as the October 23, 2020, Facebook post involves three questions: whether the evidence is relevant; whether the evidence is authentic; and whether the evidence contains any inadmissible hearsay.  *See* Doc. 325 at 11.  The government anticipates proving the relevance and authenticity of the October 23, 2020, Facebook post in the same manner as outlined in the trial brief with respect to other documentary evidence.  *See* Doc. 325 at 11 – 13.  The following analysis will therefore focus solely on whether the October 23, 2020, Facebook post contains inadmissible hearsay.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy.  As a preliminary matter, the court must find that these requirements are met by a preponderance of the evidence.  *United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 – 76 (1987)).

1. <u>An uncharged conspiracy existed between the declarant, Defendant Handy, and the other Defendants.</u>

Co-conspirator statements are still admissible as non-hearsay under Rule 801(d)(2)(E) when "the conspiracy serving as the predicate for admissibility differs from the charged conspiracy."  *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 189-190 (D.D.C. 2015) (provisionally admitting such statements under Rule 801(d)(2)(E)); *see also United States v. Perholtz*, 842 F.2d 343, 356 (D.C. Cir. 1988) ("The statements of joint venturers may fall within the scope of the Rule, and there is no requirement that a conspiracy be formally charged in the indictment."); *United States v. Musaibli*, 42 F.4th 603, 615 (6th Cir. 2022) ("When determining

2

whether a conspiracy existed under Rule 801(d)(2)(E)…we have repeatedly stressed that the alleged conspiracy need not be the same as the one charged."); *United States v. Weadick*, 15 F.4th 1, 9 (1st Cir. 2021) ("But the hearsay exception under Rule 801(d)(2)(E) can apply regardless of whether the conspiracy furthered by the alleged hearsay is charged or uncharged and regardless of whether the conspiracy is identical to or different from the crime that the statements are offered to prove." (internal quotations and alterations omitted)); *United States v. Rutland*, 705 F.3d 1238, 1248 n. 4 (10th Cir. 2013) ("The conspiracy supporting the introduction of the out-of-court statement need not be the same as the conspiracy charged in the indictment, so long as the statement was in furtherance of the uncharged conspiracy."); *United States v. Senegal*, 371 Fed. App'x 494, 502 (5th Cir. 2010) ("The conspiracy that forms the basis for admitting the coconspirators' statements need not be the same conspiracy for which the defendant is indicted." (internal quotations omitted)).

Here, the conspiracy serving as the predicate for admissibility of the October 23, 2020, Facebook post is distinct from the conspiracy charged in the indictment. Specifically, the predicate conspiracy for Rule 801(d)(2)(E) purposes was an overarching conspiracy between the Defendants to engage not only in the conduct that formed the basis of the present indictment but to blockade other locations in the future. The government anticipates that additional documentary and testimonial evidence, along with the Facebook post itself, will establish by a preponderance of the evidence the existence of this uncharged conspiracy to blockade additional clinics on subsequent occasions. *See United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996) ("This circuit…requires that there be independent evidence of the conspiracy apart from the statement, although the content of the statement itself can also be considered in determining whether such independent evidence exists."); Fed. R. Evid. 801(d) ("The statement must be considered but does

not by itself establish…the existence of the conspiracy or participation in it under (E)."). For example, this Court granted the government's motion to admit evidence of "other acts" pursuant to Rule 404(b), which includes a Maryland clinic invasion from January 30, 2021, involving Defendants Handy and Darnel; and a Virginia clinic invasion from November 16, 2021, involving Handy, Darnel, and Bell. (ECF # 322, Order at p. 12). Both admitted Rule 404(b) incidents occurred after the charged clinic invasion, and after Defendant Handy's statement in question.

This Court has recognized that there is a circuit split, with no controlling decision from the D.C. Circuit, as to whether the government must "demonstrate that the conspiracy serving as the basis for admission of a co-conspirator statement is 'factually intertwined' with the offense being tried" or whether "this additional requirement [is] redundant with the Court's general responsibility to ensure that all admitted evidence is relevant to the case at hand." *Mosquera-Murillo*, 153 F. Supp. at 190 (comparing *United States v. Stratton*, 779 F.2d 820, 829 (2d Cir. 1985) with *United States v. Ellis*, 156 F.3d 493, 497 (3d Cir. 1998)).

An uncharged conspiracy meets the "factually intertwined" standard where the circumstances of the uncharged conspiracy are "substantially similar" to the charged crime. *Mosquera-Murillo*, 153 F. Supp. at 190. Here, because the uncharged conspiracy covered both the charged conduct as well as plans to engage in similar future conduct, the circumstances of the uncharged conspiracy are "substantially similar" to the charged crimes such that statements made pursuant to the uncharged conspiracy are admissible under Rule 801(d)(2)(E) even if the heightened standard applies.

> 2. <u>The October 23, 2020, Facebook post was made during the course of and in furtherance of the uncharged conspiracy between Defendant Handy and her co-defendants.</u>

There is no question that the October 23, 2020, Facebook post was made during the course of the uncharged conspiracy between Defendants Handy and her co-conspirators, including

Defendants Darnel and Bell.  As explained above, the conspiracy for purposes of the post's admissibility under Rule 801(d)(2)(E) began prior to the blockade charged in the present case and continued thereafter, encompassing the Defendants' plans to engage in future obstructive conduct. The Facebook post, which was made the day after the charged conduct here, depicts Defendant Darnel's arrest on the same day as the charged conduct, and falls squarely within the course of the uncharged conspiracy between the Defendants.

A statement is made in furtherance of a conspiracy when it "can reasonably be interpreted as encouraging a co-conspirator or other person to advance the conspiracy, or as enhancing a co-conspirator or other person's usefulness to the conspiracy." *United States v. Tarantino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988); *see also United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017) ("A wide array of statements can fit this [in furtherance of] requirement, including those made to induce enlistment or further participation in the group's activities; … to prompt further action on the part of conspirators; … to reassure members of a conspiracy's continued existence; … to allay a co-conspirator's fears; and … to keep co-conspirators abreast of an ongoing conspiracy's activities." (internal citations omitted)).  Here, by publicly praising Defendant Darnel for his actions at the Washington Surgi-Clinic blockade the day prior, Defendant Handy encouraged both Defendant Darnel and the other Defendants to engage in the same conduct moving forward, thereby advance the conspiracy.  Further, by referencing the fact that Defendant Darnel "always pushed [her] forward with [her] own work," Defendant Handy's post implied that future blockades – including the "Traditional Rescue[s]" referenced in the post – would occur, thereby reassuring members of the conspiracy of its continued existence.

Rule 801(d)(2)(E)'s requirement that a co-conspirator's statement be made "in furtherance" of the conspiracy "is a limitation on what statements by co-conspirators may be

5

admitted; mere narratives of past successes and failures…are not admissible." *Tarantino*, 846 F.2d at 1411-1412 (internal citations omitted).  Further, "a conspirator's casual comments to people outside or inside the conspiracy" are inadmissible under the rule.  *Id.* at 1412 (internal citations omitted).  Neither of these restrictions preclude admission of the October 23, 2020 Facebook post.

First, a co-conspirator's statement does not become a "mere narrative of past successes" simply because it occurs after the charged conduct; it is admissible so long as it is in furtherance of whichever conspiracy forms the predicate for its admission under the rule, including a conspiracy that forms or extends after the charged conduct.

In *Perholtz*, the D.C. Circuit affirmed the district court's admission under Rule 801(d)(2)(E) of statements made by the defendants as part of an attempted cover-up following the charged conduct.  *Perholtz*, 842 F.2d at 356-57.  The D.C. Circuit explained that these statements were admissible because they were "parts of continuing activity that was essential to and therefore in furtherance of the survival of an ongoing operation" – namely, the defendant's overarching conspiracy to reap the financial benefits of the conduct that led to the charges at issue.  *Id.* at 357.  Similarly, here, Defendant Handy's Facebook post was made as part of an overarching conspiracy which encompassed both the charged blockade and future blockades, including the two admissible Rule 404(b) incidents from 2021.  Moreover, Defendant Handy's Facebook post sought to use the charged blockade to benefit the Defendants' future endeavors.

Second, the October 23, 2020, Facebook post is not merely a "casual comment" to people outside or inside the conspiracy.  A statement goes beyond the scope of a "casual comment" when it is "essentially an invitation to participate in a further stage of the conspiracy." *Tarantino*, 846 F.2d at 1412.  As described above, the post encouraged both Defendant Darnel and the other

6

Defendants (including Bell) to engage in the same conduct in the future and reassured them that they would have the opportunity to do so.

The October 23, 2020, Facebook post was, therefore, made during the course of and in furtherance of the uncharged conspiracy between the Defendants to engage in additional obstructive conduct at reproductive health care clinics following the charged incident, and it is admissible under Federal Rule of Evidence 801(d)(2)(E).

## Conclusion

For the foregoing reasons, the Government requests that the Court admit the October 23, 2020, Facebook post as a co-conspirator statement under Fed. R. Evid. 801(d)(2)(E).

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ Rebecca Ross*
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Email: Rebecca.Ross2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the motion has been electronically filed and accordingly served upon attorney for the defendant.

DATE: August 27, 2023                                    */s/ Sanjay H. Patel*
                                                                                  Sanjay H. Patel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **JONATHAN DARNEL,** | : | |
| **PAULA "PAULETTE" HARLOW,** | : | |
| **JEAN MARSHALL,** and | : | |
| **JOAN BELL,** | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this ____ day of _____ 202__, after reviewing the Government's motion to admit evidence of other acts pursuant to Federal Rule of Evidence 404(b), it is hereby **ORDERED** that the Government's motion is **GRANTED**.

BY THE COURT:

_____
**THE HONORABLE COLLEEN KOLLAR-KOTELLY**
United States District Judge

9