IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMAERICA | : |
| v. | : No. 22-cr-0096-CKK |
| JONATHAN DARNEL | : |

**DEFENDANT DARNEL'S OPPOSITION TO GOVERNMENT'S MOTION
*IN LIMINE* SEEKING ADMISSION OF CO-CONSPIRATOR'S STATEMENTS**

Jonathan Darnell, through counsel. Opposes the government's Motion *in Limine* seeking admission of co-conspirator statements. (Dkt. # 384). In support he states the following.

The government seeks to introduce a Facebook post written by Defendant Lauren Handy: "Me and Jonathan *have been* co-leading activism/protests for 6ish years now so to see the *culmination of our work* come together as a Traditional Rescue is just really cool to see[.] His single minded dedication to saving babies *has always pushed* me forward with my own work." Gov't. Motion at 1 (emphasis added).

Federal Rule of Evidence 801(d)(2) states in relevant part:

(2) An Opposing Party's Statement. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The government's reliance on this Rule is sorely misplaced and cases cited in support are inapposite.

To start, the government states, "Here, because the uncharged conspiracy covered both the charged conduct as well as plans to engage in similar future conduct, the circumstances of the uncharged conspiracy are 'substantially similar' to the charged crime such that statements made pursuant to the uncharged conspiracy are admissible under Rule 801(d)(2)(E) …" Gov't. Motion at 4. What is strikingly inaccurate about this statement, a theme the government carries throughout its motion, is that the entire Facebook post is written in the past tense: "have been co-leading", "this culmination of our work", "has always pushed me forward", neither states, nor insinuates, anything whatsoever about future conduct.

The government's reliance on *United States v. Tarentino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988) does nothing to support its argument. In that case, Defendant Black objected to testimony by witness Ribera that he had discussions with Strickland during which Strickland said that investing in the casino Black was building in Atlantic City "would be a good way for us to invest our money, and even to wash or clean up our money, which was this illegal drug money." Black argued that since Ribera states he did not invest in Black's casino venture, Strickland's remark was merely a part of a casual conversation and not in furtherance of the

2

conspiracy. But the Court held that the statement was essentially an invitation to participate in a further stage of the conspiracy—that the invitation was declined is irrelevant to whether it was intended to further the conspiracy. But again, here the entire Facebook post was past tense. For example, if one posts on Facebook that they hosted a fabulous barbeque that everyone loved does not mean that one intends to host another barbeque in the future.

The government's reliance on *United States v. Perholtz,* (Gov't. Motion at 6) is similarly mistaken for the same reason reliance on *Tarentino* is inappropriate. In *Perholtz* the defendants argued that statements made "during a subsequent period when the conspirators were engaged in nothing more than concealment of the criminal enterprise," were inadmissible as they are not in furtherance of the conspiracy. The Circuit disagreed, stating that does not "mean that acts of concealment can never have significance in furthering a criminal conspiracy," citing *Grunewald v. United States,* 353 U.S. 391, 405, 77 S.Ct. 963, 974, 1 L.Ed.2d 931 (1957). The *Grunewald* decision indicates that "acts of concealment done in furtherance of the *main* criminal objectives of the conspiracy" may be considered to be in furtherance of the conspiracy within the meaning of the co-conspirator hearsay exemption." *Perholtz* at 842 F.2d at 356-57. But the Facebook post was far from concealment of the alleged offense. Indeed, the post openly boasted about the prior activity – even going so far as to post a photo of Darnel being arrested. But mere bravado is not evidence of a crime. *See United States v. Munchel*, 991 F.3d 1271, 1287 (D.C. Cir. 2021), ("[T]he district court highlighted statements that

3

Munchel and Eisenhart made to the media on January 7. Munchel said that '[t]he point of getting inside the building is to show them that we can, and we will,' while Eisenhart, invoking the American Revolution, said that she would 'rather die and would rather fight' than 'live under oppression.' To the district court, these statements indicated that the defendants pose 'a clear danger to our republic' and that Eisenhart is a 'would-be martyr.' But the defendants' actual conduct belied their rhetorical bravado. During the chaos of the Capitol riot, Munchel and Eisenhart had ample opportunity to fight, yet neither of them did. Munchel lawfully possessed several firearms in his home, but he took none into the Capitol. Indeed, before entering the Capitol, Munchel and Eisenhart stashed a knife inside a backpack that they left outside, precisely for fear of ending up in federal prison." (internal citations omitted). Handy's post was a mere statement from a braggart about a past event that had nothing to do with any perceived or planned future events.

## CONCLUSION

For the reasons cited herein, Mr. Darnel respectfully asks that the government's Motion *in Limine* be denied.

> Respectfully submitted,
> _____/s/_____
> Christopher M. Davis #385582
> Davis & Davis
> 1350 Connecticut Avenue, NW
> Suite 202
> Washington, DC 20036
> 202.234.7300
>
> *Counsel for Jonathan Darnel*

4

## CERTIFICATE OF SERVICE

    I hereby certify that this motion was served upon all counsel of record via the Court's CM/ECF System on this 29th day of August 2023.

                        _____/s/_____
                        Christopher M. Davis