## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA,<br>        v.<br>JONATHAN DARNEL (2),<br>        Defendant. |

Criminal Action No. 22-096-2 (CKK)

### MEMORANDUM OPINION AND ORDER
(September 5, 2023)

Before the Court is the Government's [384] Motion *in Limine* Seeking Admission of Co-Conspirator Statements ("Motion" or "Mot.").  The Government requests that the Court hold an October 23, 2020 Facebook post by Defendant Handy admissible as non-hearsay when offered against Defendant Darnel.  In the post, Defendant Handy celebrates Defendant Darnel's arrest, apparently in connection with the conduct charged in the operative indictment.  ECF No. 384-1.  She writes that she and Defendant Darnel "have been co-leading activism/protests for 6ish years now so to see this culmination of our work together as a Traditional Rescue is really just cool to see."  *Id.*  It appears that the Government intends to offer the assertion that the charged blockade was the "culmination" of joint efforts by Defendants Handy and Darnel for the truth of that assertion.  Because the Court cannot find by a preponderance of the evidence that the statement was in furtherance of the conspiracy to which it purportedly related, the Court holds that the statement is hearsay.  Accordingly, the Government's [384] Motion *in Limine* Seeking Admission of Co-Conspirator Statements is **DENIED**.

#### A.  Background

Although the Court assumes the reader's familiarity with this matter, the Court briefly reiterates its factual and procedural background.  The operative indictment charges all ten Defendants with successfully scheming to disrupt access to a reproductive health clinic in the

District of Columbia on October 22, 2020.  *Id.* at 5.  The Indictment alleges that Defendant Handy orchestrated this conspiracy, directing her co-Defendants to undertake various preparations to blockade the clinic.  *Id.*  For example, Defendant Harlow allegedly brought with her a duffle bag containing chain and rope, which Defendants Smith, Harlow, Marshall, Hinshaw, and Bell used to lock the clinic's doors.  *Id.* at 6.  For her part, Defendant Handy allegedly made an appointment at the clinic under a false name in order to ensure her entry and her co-conspirators' entry shortly thereafter.  *See id.* at 4.  According to the Indictment, at least Defendant Smith's entry was particularly violent, causing a nurse "to stumble and break her ankle." *Id.* at 5.  Defendant Handy then purportedly directed others to blockade the clinic's doors, locking staff in and potential patients out.  *See id.* at 5-6.  Meanwhile, Defendant Darnel allegedly live-streamed the incursion, telling listeners that he and co-conspirators had "intervene[d] physically with their bodies to prevent women from entering the clinic[.]"  *Id.* at 6.

The Court severed the case into three trials:  (1) an August 9, 2023 trial featuring Defendants Handy, Hinshaw, Idoni, Goodman, and Geraghty; (2) a September 6, 2023 trial featuring Defendants Darnel, Marshall, and Bell; and (3) an October 23, 2023 trial featuring Defendant Harlow.  The tenth Defendant, Jay Smith, entered a plea of "guilty" on a superseding information on March 1, 2023.  A jury returned a verdict as to the first group on August 29, 2023, finding each Defendant in that group guilty of each charge in the operative indictment, including a special finding that they used force against persons or property to achieve their unlawful ends. The Government has now moved in limine in preparation for the second trial set to begin on September 6, 2023.

**B.  Discussion**

The parties largely agree as to the law governing this inquiry.  Although out-of-court statements offered for their truth are usually inadmissible hearsay, statements "made by the party's co-conspirator during and in the furtherance of the conspiracy" are admissible as against a co-conspirator.  Fed. R. Evid. 801(d)(2)(E).  Before holding a statement admissible under this provision, the Court must find by a preponderance of the evidence that:  (1) a conspiracy existed, (2) that the defendant and the declarant were involved in that conspiracy, and (3) that the declarant's statement was made in the course and in furtherance of that conspiracy.  *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987); *United States v. Brockenborrugh*, 575 F.3d 726, 735 (D.C. Cir. 2009).

As to the first element, the Court must first find "the Government has offered [sufficient] independent evidence apart from the statements themselves that a conspiracy exists and that the Defendant and the declarant were involved in the conspiracy." *United States v. Lorenzana-Cordon*, Crim. A. No. 03-331-13, -14 (CKK), 2016 WL 11664060, at *1 (D.D.C. Jan. 21, 2016). Pursuant to Federal Rule of Evidence 104(a), the Court is not limited to admissible evidence in answering the antecedent question of whether the declarant was engaged in a conspiracy with the defendant.  *See United States v. Khatallah*, 278 F. Supp. 3d 1, 4-5 (D.D.C. 2017).

The Government argues that the statement here was part of "an overarching conspiracy between the Defendants to . . . blockade other locations in the future."  Mot. at 3.  For the purposes of admissibility, the statement need not be made in furtherance of the charged conspiracy, or even an unlawful conspiracy.  *Gewin*, 471 F.3d at 201.  The key question is whether the defendant and their co-conspirator were "acting in concert toward [*some*] common goal," lawful or unlawful.  *Id.* (quoting *United States v. Weisz*, 718 F.2d 413, 433 (D.C. Cir.

1983)).  During the preceding trial, the Government presented evidence of Defendants Handy and Darnel working together in the blockade of a Maryland reproductive health clinic on January 30, 2021, approximately six months after the charged clinic blockade.  Additionally, Defendants Handy and Darnel were each found guilty of trespassing on November 16, 2021 at a Virginia reproductive health clinic.  *Commonwealth v. Darnel*, Case No. GC21002184-00 (Alexandria Va. Dist. Ct. July 12, 2022); *Commonwealth v. Handy*, Case No. GC21002180-00 (Alexandria Va. Dist. Ct. July 12, 2022).  When combined with the substantial evidence of conspiracy in advance of and during the charged blockade, there is more than sufficient material for the Court to conclude by a preponderance of the evidence that the charged blockade was but one piece of a larger conspiracy between Defendants Handy and Darnel to execute unlawful, obstructive conduct at other reproductive health clinics in the future.

Whether the Facebook post at issue was made in furtherance of this broader conspiracy is a much closer question.  As a general rule, "mere narratives of past events" are not "statements made in furtherance of [a] conspiracy."  *United States v. Haldeman*, 559 F.3d 31, 119 (D.C. Cir. 1976).  Nor do "bragging" or "descriptive comments" fit the furtherance requirement.  Mueller & Kirkpatrick, 4 Fed. Evid. § 8:61 (West 2023) (collecting cases).  Braggadocio, in other words, does "not link with the idea of shared responsibility" in a common venture that underlies the co-conspirator rule on hearsay.  *See id.*   To be sure, there are exceptions to this general rule.  Where celebration of past success "can be reasonably interpreted as encouraging a co-conspirator or other person to advance the conspiracy," that statement can be in furtherance of the conspiracy.  *See United States v. Tarantino*, 846 F.2d 1384, 1412 (D.C. Cir. 1988).  Here, the Government claims that this is the rare case where celebration of prior conduct was aimed at recruiting others to the ongoing conspiracy.  Mot. at 6.

4

In the Court's view, there is no indication in the Facebook post itself that Defendant Handy was bragging in order to recruit others to assist in the conspiracy or to assure others that the conspiracy would remain feasible.  *See, e.g.*, *United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011) (statement by company executive to lobbyist that first bribe was successful was in furtherance of bribery conspiracy between executive and politician where executive expected that lobbyist would facilitate second bribe); *United States v. Ragland*, 555 F.3d 706, 714 (8th Cir. 2009) (statements between drug dealers bragging about source of supply was in furtherance of conspiracy to exchange drugs source of drugs "goes to the very purpose and viability of the conspiracy").  Had Defendant Handy intended her Facebook post to recruit others or boost the confidence of co-conspirators, she could have explicitly invited others to support the unlawful portions of her and Defendant Darnel's efforts to end abortion in the United States.  As the leader of a pro-life advocacy group, and as the evidence demonstrated in the last trial, she certainly knew how to recruit others for clinic blockades.  The Facebook post here, however, is pure celebration of prior conduct.  Bragging for the sake of bragging is not a statement in furtherance of an underlying conspiracy.  *See, e.g.*, *United States v. Warman*, 578 F.3d 320, 339 (6th Cir. 2009) ("brag[ging] about [] financial holdings" by one drug dealer to another does not in itself further a drug conspiracy).   As such, the Government has not sustained its burden to demonstrate that the Facebook post was in furtherance of a broader conspiracy to blockade other reproductive health clinics in the future.

//

//

//

//

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that the Government's [384] Motion *in Limine* Seeking Admission of Co-

Conspirator Statements is **DENIED**.

**SO ORDERED**.

Dated: September 5, 2023

   /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge