UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN DARNEL,<br><br>Defendants. | Criminal Action No. 22-096-2 (CKK) |

MEMORANDUM OPINION
(September 26, 2023)

On October 22, 2020, a group of pro-life activists forced entry into a reproductive health clinic in the District of Columbia in order to halt, for as long as possible, abortions scheduled for that day. Defendant Jonathan Darnel ("Defendant") helped co-conspirator and -Defendant Lauren Handy plan the incursion and filmed a substantial part of the activists' occupation of the clinic that day. For his actions, a jury of impartial Washingtonians found Defendant guilty on both counts of the operative indictment: (1) conspiracy against rights, in violation of 18 U.S.C. § 241; and (2) obstructing, with force, access to a reproductive health clinic, in violation of 18 U.S.C. §§ 248(a)(1), (b)(1). Although Defendant did not present a case, he mainly contested during closing argument: (1) that there was an agreement to engage in any forceful or violent conduct and (2) that Defendant was of the character to use, agree to use, or assist another in using violent force. *See* Trial Trans. 28:3-29:17 (Sept. 14, 2023) ("Trial Trans.").

Defendant relied on a number of the Government's documentary exhibits in arguing that Defendant did not use, agree to use, or assist another in using violent force. Key for present purposes, Defendant relied in his closing argument on Government's exhibits 5082 and 5083. In unredacted form, exhibit 5082 features a wide array of Facebook messages and posts, including one in which she announced on September 11, 2023 that Defendant would lead a discussion on

1

"*non-violent* pro-life direct action." *See id.* at 11 (emphasis added). Government exhibit 5083 features a similar discussion. *Id.* at 7. The Government objected to this particular argument, however, because exhibits 5082 and 5083 were moved into evidence in redacted form. Both exhibits were clearly redacted at the time each was moved into evidence, because the first page of each featured large black boxes hiding certain text. Defense counsel evidently did not notice the distinction between the two exhibits, redacted and unredacted, and orally moved to reopen evidence during closing argument so that the unredacted 5082 and 5083 would go to the jury for its consideration. *See* Trial Trans. 34:12-15. The Court denied that motion, and further explains that ruling here.[1]

      First, the Court noted that both parties are at fault to some degree. In the Court's [154] Amended Pretrial Scheduling Order, the Court ordered the parties to exchange their exhibits in advance of trial. The Court also directed the Government to provide Chambers with a courtesy copy of the exhibits that it would move into evidence at trial. For the relevant exhibits, the Government provided unredacted versions, i.e., exhibits that it evidently did not intend to move into evidence. It appears the Government provided the same incorrect copies of its exhibits to defense counsel as well. Understandably, defense counsel would have expected that the Government would rely on the exhibits it provided pursuant to the Court's prior order.

      Yet the Government did not do so. Nevertheless, at trial, in presenting each exhibit to opposing counsel and the Court in advance of moving it into evidence, defense counsel was clearly placed on notice that a distinct exhibit would be moved into evidence that might not have each statement defense counsel intended the jury to consider. As a rule, it is incumbent upon

---

[1] The Court assumes the reader's familiarity with this matter. For further background, the Court refers the reader to its prior opinions in this case: *United States v. Handy*, Crim. A. No. 22-096 (CKK), 2023 WL 4744057 (D.D.C. July 25, 2023); *United States v. Handy*, Crim. A. No. 22-096 (CKK), 2023 WL 5651844 (D.D.C. Aug. 31, 2023).

defense counsel to object to a motion by the Government at the time it is made. Fed. R. Crim. P. 51(b); Fed. R. Evid. 103(a)(1)(A). Here, Defendant consented to the admission of both redacted exhibits. Trial Trans. 103:14-20 (Sept. 12, 2023). Having consented to their admission, Defendant waived the objection. *See United States v. McCray*, 433 F.2d 1173, 1175 & n.1 (D.C. Cir. 1970); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004).

Even had Defendant not waived his objection, and assuming *arguendo* that the statements he intended to move into evidence were admissible, the Court would not have reopened evidence in the midst of closing arguments. Pursuant to Federal Rule of Evidence 611(a), the Court generally has broad discretion in determining whether to reopen evidence. *See United States v. Watson*, 391 F. Supp. 2d 89, 92 (D.D.C. 2005); *United States v. Terry*, 729 F.2d 1063, 1067 (6th Cir. 2004). For example, where further cross-examination would provide little value to a defendant, it is well within the Court's discretion to preclude the defense from recalling that witness. *See United States v. Sampol*, 636 F.2d 621, 670 (D.C. Cir. 1980). Moreover, the closer a case is to its submission to the jury, the higher the bar for either party to demonstrate the necessity of reopening the evidence. *See United States v. Crawford*, 533 F.3d 133, 137-38 (2d Cir. 2008).

Ultimately, whether to reopen evidence before or during closing arguments turns on the degree of prejudice to the moving party. *See id.* at 138 (collecting cases). Here, the Court precluded Defendant from arguing just one statement in an exhibit to the jury. Defendant had many more of his own statements in evidence, in addition to exculpatory testimony from his co-conspirator Caroline Davis. For example, in the Government's redacted exhibit 5083, Defendant Handy highlighted that she worked with Defendant on "non-violent direct action." *Id.* at 1. In response, Defendant contested not his commitment to nonviolence, but rather suggested to

Defendant Handy that she characterize their work as "civil disobedience," i.e., unlawful direct action. *Id.* at 2. Similarly, co-conspirator Caroline Davis stressed in her testimony that Darnel and others agreed in advance of the blockade to be nonviolent during the blockade. *See* Trial Trans. 45:14-18 (Sept. 12, 2023). The Government's 404(b) evidence also demonstrated that Defendant's prior efforts to obstruct clinics providing abortion services were also nonviolent. *See, e.g.*, Trial Trans. 83:8-24 (Sept. 11, 2023); Gov.'s Ex. 1124. Broadly, defense counsel argued each of these points during his summation. Trial Trans. at 52:17-58:18. Accordingly, the Court cannot find substantial prejudice, or any degree of prejudice, to merit reopening evidence in the midst of closing argument.

\*   \*   \*

Therefore, for the foregoing reasons and the reasons the Court placed on the record, the Court again concludes that Defendant did not carry his burden to merit reopening evidence to introduce an additional, exculpatory statement.

Dated: September 26, 2023
            /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

4