UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **v.** : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| : | |
| **Jean Marshall,** *et al.* : | |
| : | |
| **Defendants.** : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT JEAN MARSHALL'S MOTION FOR JUDGMENT OF ACQUITTAL

On October 14, 2022, the grand jury returned a two-count superseding indictment, charging defendant Jean Marshall and nine others with violating 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 248(a)(1) (clinic access obstruction). These charges stemmed from the defendants' scheme to obstruct access to a women's reproductive health clinic located in the District of Columbia, and their blockade of that facility on October 22, 2020.

After a jury trial, on August 29, 2023, defendants Lauren Handy, John Hinshaw, William Goodman, and Herb Geraghty (collectively, "Trial One Defendants") were each found guilty of both counts. The jury also determined that the Trial One Defendants had each committed clinic access obstruction by both force and physical obstruction. This Court set a briefing schedule for post-trial motions and on September 29, 2023, Defendants Handy, Hinshaw, Geraghty, and Goodman filed a consolidated motion for judgement of acquittal. ECF # 455 ("Handy Mot."). Defendants Hinshaw, Geraghty, and Goodman also filed supplemental motions, ECF #s 454, 452, and 456, respectively. And Defendant Idoni filed a separate motion. ECF # 415 ("Idoni Mot.").

On September 6, 2023, defendants Jean Marshall, Joan Bell, and Jonathan Darnel (collectively, "Trial Two Defendants") proceeded to trial. At the close of the government's case,

the Trial Two Defendants moved for judgments of acquittal, which the Court took under advisement. Trail Tr. 09/14/23 a.m., at 85-88. On September 15, 2023, the jury found the Trial Two Defendants guilty of both counts. Trial Tr. 09/15/23, at 58-63. The jury also determined that the Trial Two Defendants had each committed clinic access obstruction by both force and physical obstruction. *Id*. This Court subsequently set a briefing scheduling for post-trial motions, ordering the Trial Two Defendants to file any motions for judgment of acquittal by October 30, 2023. *Id*. at 63.

On October 30, 2023, neither defendant Bell nor defendant Darnel filed any post-trial motions, thus waiving any additional arguments. *See Loumiet v. United States*, 65 F.Supp.3d 19, 25 (D.D.C. 2014) (finding that arguments not raised in original motion are waived). Rather than filing a post-trial motion, Defendant Marshall filed a notice, seeking to join the arguments made for a judgement of acquittal by the Trial One Defendants. ECF # 469. Defendant Marshall noted, "While the presentation of evidence may not have been identical in both trials, the evidence presented was substantially similar to raise the identical issues as in the prior trial." *Id*. at 1. As such, the Government incorporates herein its opposition to the Trial One Defendants' motion for judgment of acquittal, which detailed the overwhelming evidence that established all ten of the charged defendants, including the Trial Two Defendants, had conspired against rights, as charged in Count One of the Superseding Indictment, and had obstructed access to reproductive health care, as charged in Count Two of the Superseding Indictment. *See* ECF # 459.

The government further reiterates that because the evidence against the Trial Two Defendants is far more than sufficient to sustain the jury's verdicts, given the actions clearly depicted on surveillance video, s*ee e.g.*, GXs 1001, 1008, 1079A, 1079B, on body worn camera, *see e.g.*, GX 1016, and documented on social media, *see e.g.*, GX 1017, 3001-05, any motion for

judgment of acquittal should be denied. *See United States v. Davis*, 562 F.2d 681, 684-93 (D.C. Cir. 1977) (finding where elements of offense are supported by evidence introduced in government's case-in-chief, defendant's motion for judgment of acquittal fails).

          Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ Rebecca G. Ross*
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Opposition has been filed and served upon all parties listed on the Electronic Case Filing (ECF) System and is available for viewing and downloading from the ECF system.

DATE: November 08, 2023.

*/s/ Rebecca G. Ross*
REBECCA G. ROSS
Assistant United States Attorney