UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : 22 cr 96 CKK |
| JONATHAN DARNEL | : |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. He respectfully requests that he be sentenced to a term of 15 months for the reasons outlined below.

### PROCEDURAL BACKGROUND

1. On October 14, 2022, a federal grand jury in the United States District Court for the District of Columbia returned a two-count Superseding Indictment charging Jonathan Darnel with Conspiracy Against Rights, in violation of 18 USC §2413 (Count One) and Freedom of Access to Clinic Entrances Act, in violation of 18 USC §§248(a)(1) and 2 (Count Two).

2. On September 15, 2023, defendant Jonathan Darnel was found guilty by jury trial of Counts One and Two of the Superseding Indictment.

### MATERIAL ERRORS IN PSR

3. There are material errors in the Presentence Report (PSR):

   a. **Page 7 ¶¶ 31,32, 33** The evidence at trial (Caroline Davis) established that a person other than Jonathan Darnel led the pre-blockade meeting, and for that matter, organized the whole event – including supervising

everyone involved in the blockade.

b. **Page 12 ¶ 77 Physical Restraint** Any acts of violence were beyond the scope of Mr. Darnel conspiratorial agreement. He was not present for this, nor was there a special verdict with a finding that he planned or was aware of behavior like this. This enhancement is not warranted.

c. **Page 13 ¶¶ 79 & 84 Vulnerable Victim** Mr. Darnel does not believe that a person being pregnant makes them a "vulnerable victim." These enhancements are not warranted.

d. **Page 13 ¶¶ 79 & 85 Role Enhancement** Mr. Darnel exercised no control over anyone in this case. He did videotape and post on social media, but the evidence at trial clearly demonstrated people, including Darnel, took their marching orders from another. As such, he objects to an enhancement for his role in the offense.

e. Page 15-16 ¶¶ **88 – 90**. Mr. Darnel objects to the **Multi Count Adjustment**. It is his understanding that this is a case of first impression. He understands 2H1.1 (a)(1) applies to both counts, that they do not group per 2D1.2 (d), and he is aware of application note 8 to 3D1.2. However, Count Two has a statutory maximum of 1 year, his base offense level for this count is 18. That results in a guideline range of 27 – 33 months, twice the amount of the statutory maximum. Mr. Darnel objects to the double counting for the conspiracy (Count 1) and the goal of the conspiracy (Count 2). He also objects to the skewed result that comes about from scoring these offenses as was done in the PSR, resulting in two points being added to his calculation.

4. Darnel agrees that Judiciary Sentencing INformation (JSIN) database is the appropriate vehicle to use to avoid disparate sentences among similarly situated defendants. Probation calculated a base offense level of 22 with a criminal history category of I. It recommends a variance to 34 months, based on JSIN data. However, Darnel submits that his guideline range is at best a level 18, and even without a variance, his guideline range is 27 to 33 months. For this guideline range, JSIN data shows an

average sentence length of imprisonment 15 month(s) and a median length of imprisonment of 14 month(s). **Exhibit 1.**

5. Darnel requests a variance with a resulting sentence of 15 months. This is based on his view that his guidelines were improperly calculated, and consideration of the factors outlined in 18 U.S.C § 3553 (a).

## GUIDELINES ARE NOT MADATORY

6. The Court has broad discretion to consider every aspect of a particular case, and a particular defendant, in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005*); Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the Court must first calculate the appropriate sentencing range under the Guidelines, it is not bound by the Guidelines or Guidelines Policy Statements. The Court may make its own policy judgments, even if different from those in the Guidelines. Kimbrough, 552 U.S. at 101. The Court must impose a sentence consistent with the terms of 18 U.S.C. § 3553(a) and § 3661.

## SENTENCING FACTORS

7. The core requirement of 18 U.S.C. §3553(a) is that the court impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the offense and the history and

characteristics of the defendant, 18 U.S.C. § 3553(a)(1);

• the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

• the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

• the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

• the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D) (emphasis added);

• the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

• the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

• "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

• "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## SENTENCE OF 15 MONTHS WARRANTED

**The Offense**

8. In a recent oral argument before the D.C. Circuit, Judge Pillard eloquently stated that "the power of civil disobedience" was the willingness to be punished. Such protesters think, "I'm violating the law and I'm ready to take the consequences for it because I'm responding to a higher law," she said. "And the higher law, in my view, is more important, even to the point where I'm willing to sacrifice myself. But … the sacrifice is that the law does not bend and accommodate the person's individual moral principle." *U.S. v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). Mr. Darnel understands her message.

9. However, any *aggressive actions* taken by any of the participants involved in the offenses of conviction were well beyond the scope of Darnel's agreement. Darnel is a true pacifist. **Exhibit 2.** His history speaks volumes to his pacifist approach to the pro-life movement. There was no evidence that he believed anything, but a peaceful red rose rescue was going to take place. In the Government's redacted exhibit 5083, co-defendant Handy highlighted that she worked with Defendant on "non-violent direct action." Id. at 1. In response, Defendant …. suggested to co-defendant Handy that she characterize their work as "civil disobedience," i.e., unlawful direct action. Id. at 2. Similarly, Caroline Davis stressed in her testimony that Darnel and others agreed in advance of the blockade to be non-violent during the blockade. See Trial Trans. 45:14-18 (Sept. 12, 2023). The Government's taped 404(b) evidence

(admitted into evidence at trial) amply demonstrated that Defendant's prior efforts to obstruct clinics providing abortion services were also non-violent. See, e.g., Trial Trans. 83:8-24 (Sept. 11, 2023); Gov.'s Ex. 1124.

**Mr. Darnel's Personal Background**

10. Darnel has no criminal record. He earned a BS in computer science in 2004. He then entered the army on May 26, 2004 and received an Honorable discharge on April 13, 2009. His specialty was Health Services Administration (Medical Service Corps Officer), and he achieved the rank of Captain (O-3). He was deployed to Iraq from August 19, 2005, to July 18, 2006, and again from September 5, 2007, to November 4, 2008. While in the service, Darnel received the following awards/medals: Army Commendation Medal (2), National Defense Service Medal, Global War on Terrorism Service Medal, Army Service Ribbon, Overseas Service Ribbon, Combat Medical Badge, and Iraq Campaign Medal with 2 Bronze Service Stars.

11. Mr. Darnel has, up until his arrest, devoted his life to the pro-life movement. The fact he has no prior convictions, much less ones in involving any aggressive behavior. augurs well to his position that he is a true pacifist. He has sacrificed much of his adult life to the pro-life movement. He is now incarcerated and when he is released, he will be severely restricted in the activities in which he can engage. He will need to begin the process of rebuilding a very different life.

**A Term of 15 months Provide Just Punishment**

12. A term of 15 months is sufficient to promote respect for the law, provide adequate deterrence, and to protect the public.

**Sentencing Disparities**

13. Mr. Darnel urges the court to grant him a variance for all the reasons outlined above and for any such reason identified during his sentencing hearing.

## Conclusion

14. Mr. Darnel submits that a sentence of 15 months is a *"sentence sufficient, but not greater than necessary"* to comply with the objects of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Counsel for Jonathan Darnel
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion on the United States via the Court's CM/ECF System on this 12th day of April 2024.

_____/s/_____
Christopher M. Davis